CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 28 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal Action No. 7:15CR00033-01 |
| | ) (Civil Action No. 7:16CV81030) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| JAMES EDWARD TODD, | ) |
| | ) By: Hon. Glen E. Conrad |
| Defendant. | ) Chief United States District Judge |

James Edward Todd, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss, and the time allotted for Todd to respond has expired, making the matter ripe for consideration. For the reasons that follow, the government's motion to dismiss will be granted and Todd's motion to vacate will be denied.

## Background

Todd was indicted by a federal grand jury on May 7, 2015. Count One of the indictment charged Todd with possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). On August 11, 2015, Todd entered a plea of guilty to that count.

Prior to sentencing, the probation officer prepared a presentence report. A review of the presentence report reveals that Todd was not deemed an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), or a career offender under § 4B1.1 of the United States Sentencing Guidelines. Instead, Todd was assigned a base offense level of 14 under § 2K2.1 of the Sentencing Guidelines. He received a two-level enhancement for possessing a stolen firearm, and a four-level enhancement for possessing the firearm in connection with another felony (specifically, possession with intent to distribute heroin). See

U.S.S.G. § 2K2.1(b)(4)(A), (b)(6)(B). After applying a three-point reduction for acceptance of responsibility, the probation officer calculated a total offense level of 17. See U.S.S.G. § 3E1.1 (acceptance of responsibility). The total offense level, considered in combination with Todd's criminal history category of VI, resulted in an advisory guideline range of imprisonment of 51 to 63 months.

Todd appeared for sentencing on November 17, 2015. The court adopted the presentence report and sentenced him to a term of imprisonment of 51 months. Todd did not appeal his conviction or sentence.

On June 23, 2016, Todd moved to vacate his sentence under 28 U.S.C. § 2255 based on the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Pursuant to Standing Order 2015-5, an attorney in the Office of the Federal Public Defender was appointed to represent Todd and provide supplemental briefing, if necessary, in light of Johnson. The attorney subsequently declined to file any additional pleadings and moved to withdraw from further representation. That motion was granted on July 20, 2016, and the government was directed to respond to the pending § 2255 motion.

On September 15, 2016, the government filed a motion to dismiss. The court notified Todd of the government's motion, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and gave him 21 days in which to file a response. As of this date, no response has been filed. The matter is now ripe for review.

## Discussion

Section 2255 sets forth four grounds on which a prisoner in federal custody may collaterally attack his sentence: (1) "the sentence was imposed in violation of the Constitution or

2

laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of proof by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

In this case, Todd claims that he is entitled to resentencing based on the Supreme Court's decision in Johnson v. United States, in which the Court held that the residual clause of the ACCA is unconstitutionally vague. Johnson, 135 S. Ct. at 2555-57. It is clear from the record, however, that Johnson is not applicable to the defendant's case. Todd was not sentenced as an armed career criminal under the ACCA, and none of the provisions utilized in calculating his advisory guideline range are implicated by the Supreme Court's decision.* Accordingly, Todd is not entitled to relief under § 2255.

## Conclusion

For the reasons stated, the court will grant the government's motion to dismiss and deny Todd's § 2255 motion. Additionally, because Todd has failed to make a substantial showing of

---

* On June 27, 2016 the Supreme Court granted certiorari in Beckles v. United States, 136 S. Ct. 2510 (2016), a case that presents the question of whether Johnson applies to sentences imposed under the residual clause previously found in the career offender portion of the Sentencing Guidelines, and, if so, whether that rule applies retroactively to cases on collateral review. Because Todd was sentenced as a career offender, it is unnecessary to await the Supreme Court's decision in Beckles. Likewise, because Johnson is clearly inapplicable to the defendant's case, the court need not address the other arguments raised in support of the government's motion to dismiss.

3

the denial of a constitutional right, the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 28th day of February, 2017.

／s／ Conrad
Chief United States District Judge

4